IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FOREST HILLS APARTMENTS, LLC** | § | |
| **d/b/a FOREST HILLS APARTMENTS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-CV-2833-L** |
| | § | |
| **LINDA WILSON and ALL OTHER** | § | |
| **OCCUPANTS,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

For the reasons herein explained, the court lacks subject matter jurisdiction over this action and *sua sponte* **remands** it to the Justice of the Peace, Precinct 3, Place 1, Dallas County, Texas, from which it was removed.

## I.    Background

This action arises from an eviction or forcible detainer proceeding initiated by Forest Hills Apartments, LLC d/b/a Forest Hills Apartments ("Forest Hills") under the Texas Property Code to obtain a judgment of possession and for delinquent rent totaling $985 against Defendant Linda Wilson ("Wilson") and all occupants from 9659 Forest Lane, Apartment No. I302. Wilson filed an answer in the eviction proceeding on October 23, 2018, explaining that the rent has not been paid because "[t]he money is in the bank on hold," and stating "I would like to stay in my place." Def.'s Ans. 1. On October 24, 2018, she removed the case to federal court based on federal question jurisdiction. Wilson alleges that removal of the eviction proceeding is proper because she is the member of a protected class for whom the Civil Rights Act of 1968 was created, and the federal

cause of action that supports federal jurisdiction is "eviction/ejectment," which, according to Wilson, could have been brought originally in federal court. In the Civil Cover Sheet, Wilson acknowledges that she and Defendant are both citizens of Texas. The court considers *sua sponte* whether it has subject matter jurisdiction over this action.

## II.     Standard for Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place

where such action is pending." 28 U.S.C. § 1441(a). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, which is commonly referred to as federal question jurisdiction. 28 U.S.C. § 1331. This provision for federal question jurisdiction is generally invoked by a plaintiff pleading a cause of action created by federal law. This, however, is not the only manner in which federal question jurisdiction arises.

An action that asserts only state law claims may "arise under" federal law if "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) (citations omitted). This means that a federal district court has jurisdiction over a state claim that "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Otherwise stated, as "the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive," a federal court is to decline jurisdiction if the exercise of its jurisdiction is inconsistent "with congressional judgment about the sound division of labor between state and federal courts governing application of [28 U.S.C.] § 1331." *Id.* at 313-14. Under *Grable*, federal

question jurisdiction exists only when "(1) resolving a federal issue is necessary to the resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Morris, LLP,* 538 F.3d 334, 338 (5th Cir. 2008). In the final analysis, when a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Whether an action "arises under" federal law and creates federal question jurisdiction over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Thompson*, 478 U.S. at 808 (citation omitted). "Even an inevitable federal defense does not provide a basis for removal jurisdiction." *Bernhard*, 523 F.3d at 551 (citations omitted). In other words, the *complaint* must "raise[] issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993) (citation omitted).

A "corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area, that any civil complaint raising this select

group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (en banc). In other words, "[w]hen the federal statute completely pre-empts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality, based on federal law," and such "claim is then removable under 28 U.S.C. § 1441(b)." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citation omitted); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404,

1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), reh'g denied, 70 F.3d 26 (5th Cir. 1995).

## III.    Discussion

In *Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009), the Fifth Circuit held that a defendant cannot remove a case to federal court and circumvent the jurisdiction of a state court in a simple eviction proceeding brought under the Texas Property Code by asserting a possible federal question in an answer and counterclaim. The court in *Stump* reasoned, consistent with the authority cited herein by this court, that "a federal court has original or removal jurisdiction only 'if the federal question appears on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff pleads only a state law cause of action.'" *Stump*, 322 F. App'x at 380 (quoting *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)). The court went on to explain that "[i]t is not sufficient for the federal question to be raised in the answer or in the petition for removal." *Stump*, 322 F. App'x at 380 (citing *MSOF Corp.*, 295 F.3d at 490). Thus, although the defendant tenant in *Stump* had raised potential federal question claims in her answer and counterclaim, the court stated that it could not consider those claims in determining whether federal question jurisdiction existed. Rather, the court could only consider the state court complaint, which included only a simple claim for eviction under the Texas Property Code and provided no basis for federal question jurisdiction. *Id.* The *Stump* court, therefore, held that the district court lacked subject matter jurisdiction.

Like *Stump*, Plaintiff's Petition for Eviction includes only a claim for eviction under the Texas Property Code for Wilson's failure to pay rent in accordance with a written lease agreement,

and Wilson acknowledges as much in her Notice of Removal. Further, the alleged federal issue asserted by Wilson for the first time in her Notice of Removal as a defense to the eviction proceeding is insufficient for purposes of conferring jurisdiction on this court and cannot be considered by the court in determining whether removal was proper. Instead, any such defenses to eviction must be raised in the state court eviction proceeding. As no federal question exists, this court cannot exercise subject matter jurisdiction over this removed action on the basis of a federal question.

Jurisdiction based on diversity of citizenship and the amount in controversy is also lacking. Wilson acknowledges that she and Forest Hills are both citizens of Texas, and Forest Hills's Petition for Eviction indicates that it is only seeking possession of the apartment at issue and unpaid rent totaling $985. The Petition also states that Forest Hills is not seeking applicable attorney's fees. Under Texas law, a forcible detainer action determines only "the right to immediate possession of the premises," *Martinez v. Beasley*, 572 S.W.2d 83, 85 (Tex. Civ. App.—Corpus Christi 1978, no writ), and "the measure of the lessor's damages for withholding possession pending appeal of [a] forcible detainer action is the reasonable rental value." *Hart v. Keller Props.*, 567 S.W.2d 888, 889 (Tex. Civ. App.—Dallas 1978, no writ.). Thus, Forest Hills's requested relief in the form of possession of the apartment and damages in the amount of $985 for delinquent rent is insufficient to satisfy the requisite amount in controversy.

Accordingly, Wilson has not met her burden as the removing party of establishing subject matter jurisdiction based on federal question or diversity jurisdiction. The court, therefore, has no authority over this removed action and must remand the action to the state court from which it was removed.

### IV. Conclusion

For the reasons explained, the court lacks subject matter jurisdiction over this action and *sua sponte* **remands** the action to the Justice of the Peace, Precinct 3, Place 1, Dallas County, Texas, from which it was removed. The clerk of the court **shall** effect the remand in accordance with the usual procedure and **term** any pending motions.

**It is so ordered** this 26th day of October, 2018.

Sam A. Lindsay
United States District Judge